GENE COMBS v. KEN TERRELL

No. 763DC1003

(Filed 5 October 1977)

Trial §§ 32, 37— confusing jury instructions—instructions on credibility of witnesses

In an action to recover the alleged balance due on the agreed purchase price of a boat, motor, and trailer, the defendant is entitled to a new trial where the court so instructed the jury that its prerogative to pass upon the credibility of the evidence was usurped and where the court's instructions were confusing, contradictory and misleading.

APPEAL by defendant from *Wheeler, Judge*. Judgment entered 21 July 1976. Heard in the Court of Appeals 31 August 1977.

Plaintiff instituted this action to recover the alleged balance due on agreed purchase price of a boat, motor, and trailer. He alleged that the agreed contract price was $1500; that defendant had paid $550; and the balance due by defendant was $950 which defendant refused to pay.

Defendant answered, admitting the payment of $550, but denying that any payment at all was due plaintiff. By further answer and second defense and by counterclaim he pled breach of warranty and averred entitlement to return of the $550 paid plaintiff. The jury found for plaintiff, and defendant appealed.

*McNeill, Graham, Coyne and Kirkman, P.A., by Kenneth M. Kirkman, for plaintiff appellee.*

*Wheatly, Mason, Wheatly and Davis, P.A., by L. Patten Mason, for defendant appellant.*

MORRIS, Judge.

Defendant's second assignment of error is directed to the court's failure to dismiss plaintiff's action at the close of plaintiff's evidence for that the plaintiff's evidence showed that plaintiff had made certain warranties and there was a breach. We disagree. We agree with the court that whether there was an express warranty and if so, a breach of that warranty, was properly a question for the jury upon the evidence presented by plaintiff.

The record contains 24 assignments of error. Twenty-two of them are directed to the court's instructions to the jury.

By assignments of error Nos. 14 and 17, the defendant urges that the court so instructed the jury that its prerogative to pass upon the credibility of the evidence was usurped. We agree. As to the third issue: the amount, if any, plaintiff was entitled to recover of defendant, the court instructed as follows:

> "All the parties agree that there was a contract to sell the boat. And that the contract price was $1,500.00. And all of the evidence in this case, by both the plaintiff and the defendant, has been that the defendant paid to the plaintiff the sum of $550.00. All of the evidence. And if you believe all of the evidence by both the plaintiff and defendant, then the court directs that you answer that issue in the amount of $950.00."

And in concluding the charge, the court instructed:

> "Well, in conclusion, let me say this to the jury: the original contract was $1,500.00. The amount that was paid by the defendant on the contract was $550.00, which all of the evidence supports — $550.00 was paid, which would have left a balance owed on the contract would be $950.00. Now that is the amount that the jury would be instructed to place into Issue No. 3."

The error with respect to this portion of the charge is readily apparent, particularly when there is some evidence in the record that plaintiff had agreed to reduce the purchase price some $200 if certain repairs could not be made.

By assignments of error Nos. 9, 12, 16, 17, 18, 19 and 22 defendant contends that the charge was confusing, contradictory and misleading. A few examples will suffice.

"An injury approximately results from a breach of warranty if it would not have occurred without the breach of a warranty, and if a reasonable and careful and prudent person would foresee that some such injury would likely result from the breach.

So I finally instruct you upon this issue, that if you find by the greater weight of the evidence that the defendant has sustained some amount of damages under the rule which I have explained to you, then he is entitled to recover the difference between the value of the goods between the time and place of acceptance and value of those goods would have and the time and place accepted, if they had been as warranted."

"On the other hand, the defendant on his counterclaim says and contends that on the first issue that, that is the plaintiff warranted to the defendant that the boat, motor and trailer were in good condition and fit for the use intended. That he has offered evidence to show, and he has carried his burden of proof on that issue; and that you ought to answer that issue YES. That it was warranted by the Seller to the Buyer; and that it was not intended—well, that there was a statement made, and that he relied upon it. And that you ought to so find.

And on the other hand, defendant says and contends that you ought to answer that issue NO, that the plaintiff has failed to carry his burden of proof and that the statements made was one, that he has stood behind what he stated that he would do. That he would prepare the gear. That the trailer was such that he could observe and see for himself. That there was nothing hidden about it. That the boat, he advised him, leaked. And that he had not used the boat since March, and that he had stood behind everything that he told the defendant that he would do. And that he has not made an express warranty as such, as to the second issue: 'Was there a breach of the warranty?' Plaintiff says and contends—defendant says and contends that he has carried the burden of proof on this issue; and that you ought to answer that issue YES."

"The third issue, 'What amount, if any, is the plaintiff entitled to recover of the defendant?' cannot be in any amount in excess of $950.00. The amount that would be arrived at in Issue No. 4,

if you get to the No. 4 issue, would be the amount of No. 3 subtracted No. 4, from the purchase price."

Although the remaining assignments of error to the charge have merit, we do not think any useful purpose would be served by discussing all of them. Suffice it to say that in our opinion the charge was so confusing, contradictory, and misleading as to require a new trial.

New trial.

Chief Judge BROCK and Judge BRITT concur.